IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VICKI FANNING McLEAN,                                                                PLAINTIFFS
ESTATE OF JAMES T. McLEAN, JR.,
EX REL UNITED STATES

VERSUS                                         CIVIL ACTION NO. 1:25-cv-00107-LG-BWR

PRIME MINISTER OF INDIA                                                               DEFENDANTS
SHRI NARENDRA MODI, et al

## ORDER OF DISMISSAL AND SANCTIONS

This matter is before the Court *sua sponte* for a review of the Plaintiffs' [1] Complaint pursuant to the Court's inherent authority to consider lack of jurisdiction and to screen a pleading for frivolousness.  *See Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)).

## BACKGROUND

Vicki Fanning McLean ("McLean") filed a 106-page [1] Complaint on April 4, 2025, on behalf of herself, the estate of her late husband, James McLean, Jr., and the United States.  McLean has assembled an assortment of unconventional assertions against 37 defendants, under 17 separate federal statutes. She makes superficial reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Alien Registration Act of 1940, the Trading with the Enemy Act of 1917, and the Patriot Act of 2001.  The Complaint goes on to make multiple references to *The Federalist,* repetitive, and often duplicative, references to the

1

United States Constitution, and numerous Wikipedia content references, culminating in McLean's version of American history and civics lessons.

The cavalcade of named defendants include, all India citizens residing in the United States, former state governors, the United States Supreme Court "back till 1871," the Internal Revenue Service, the Prime Minister of India "back till 1947," the Vatican, the India Minister of External Affairs, the United States Congress "back till 1871", the United States Federal Reserve, the Social Security Administration, the United Nations, the World Trade Organization, several present and former members of Congress, and several sitting United States District Judges.

While it is challenging to read, much less to attempt to decipher, the basis of McLean's 106-page Complaint, some examples of the harangue include the High-frequency Active Auroral Research Program ("HAARP")[1] which McLean asserts is "a weather modification weapon," and "illegally uses the stolen technology of James McLean, Jr. (*McLean's late husband*) in U.S. HAARP Patent 5041834." Compl. [1] at 20; the Crown Templar and the Federal Reserve's control of the United States medical industry in order to illegally and secretly microchip all newborns while still in the hospital. *Id* at 96; the "medical murder" of her late husband by a physician obeying India mind controllers' orders to secretly administer pork tapeworm parasites into waters where James McLean worked in 2000. *Id* at 100; the India mind control satellites accessing the illegally-placed mind control chip in McLean's

---

[1] Incorrectly identified by McLean as the "High Frequency Active *Aurora* Research Program." (emphasis added)

2

frontal lobe in order to program her thoughts and actions. *Id* at 101; India mind control satellites following the late James McLean to control "his thoughts and actions [ ] for their benefit." *Id.;* the Federal Reserve's actions in moving "India citizens to the United States to operate mind control satellites across the United States." *Id* at 102.

Finally, McLean's Complaint demands that the United States be removed from the United Nations and NATO; demands the cessation of all humanitarian aid outside of the United States that is not for the aid of a United States citizen; demands the abolishment of the United States Federal Reserve Act of 1913; and demands the stripping of all rights and the deportation of "a majority of the India citizens living inside the United States." Compl. [1] at 104. McLean's extraordinary demands do not stop there, however no useful purpose would be served by repeating them here.

## DISCUSSION

"A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see Flores v. U.S. Att'y Gen.*, 434 F. App'x. 387, 388 (5th Cir. 2011) (finding that pro se plaintiff's fanciful and delusional claims should be dismissed as frivolous where plaintiff alleged that certain members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner"). "When a

plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth* at 617.  The United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (internal quotations and citations omitted.

## CONCLUSION

"Federal courts are proper forums for the resolution of serious and substantial federal claims… Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly." *Raymon v. Alvord Indep. Sch. Dist.,* 639 F.2d 257, 257 (5th Cir. 1981).

The Court finds that McLean's civil Complaint is self-evidently frivolous, irrational, fantastical and delusional.  Thus, this Court invokes its inherent authority to dismiss this action for lack of jurisdiction.

Finally, by McLean's own admission, she has filed 17 prior federal civil cases. *See* Compl. [1] at 20. This Court has reviewed the numerous cases filed by McLean in various United States District Courts. Many were dismissed as frivolous or otherwise delusional. *See McLean v. Peoples' Republic of China,* No. 1:19-cv-00647-RP (W.D. Tex. Jul. 9, 2019); *McLean v. Country of Mexico,* No. 1:19-cv-00591-RP, 2019 WL 2869579 (W.D. Tex. Jul. 3, 2019); *McLean v. Puerto Rico,* No. 1:19-cv-00648-RP (W.D. Tex. Jul. 9, 2019); *see also McLean v. High Frequency Active Aurora Rsch. Program,* No. 1:14cv01076-RCL (D.D.C. Sept. 18, 2014) (finding the complaint virtually unintelligible*); see also McLean v. Obama*, No. 2:15 cv-00008-SSV-KWR, 2015 WL 3966426, at *2 (E.D. La. Jun. 30, 2015) (finding that McLean's claims "fall within the category of claims 'so fantastical and delusional' as to preclude the Court from exercising jurisdiction").

Federal district courts have inherent authority to impose sanctions for bad faith or willful abuse of the judicial process. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). "The authority of a court to enjoin future filings 'flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket.'" *United States v. Fulton*, 469 F. App'x 322, 324 (5th Cir. 2012) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)). District courts have collateral jurisdiction to impose sanctions even where, as here, the case was dismissed for lack of subject matter jurisdiction. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637 (5th Cir. 2008); *see also DTND Sierra Invs., L.L.C. v. HSBC Bank USA,*

*N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) ("[R]egardless of a court's ability to hear the merits of a suit, it possesses the power to sanction a noncompliant party that stands before it.").

Having considered McLean's litigation history, the Court finds that sanctions are warranted. McLean has abused process by filing repetitive frivolous and delusional lawsuits that have overburdened the limited resources of the Courts. Under its inherent authority and obligation to protect the orderly administration of justice, and to curtail the future filing of repetitive, frivolous actions, the Court will bar McLean from filing any new complaints or other initial pleadings in the United States District Court for the Southern District of Mississippi without first obtaining written authority.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Clerk of Court is directed to refuse to file any future complaints or initial civil pleadings of any kind on behalf of Vicki Fanning McLean unless that pleading is accompanied by advance written authority from a United States District or Magistrate Judge of this Court.

**IT FURTHER ORDERED AND ADJUDGED** that the Plaintiff's Complaint is **DISMISSED FOR LACK OF JURISDICTION**.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE